Please call the next case. Counsel, you may proceed. May it please the court, opposing counsel, my name is Rachel Kaplan and I represent the CTA. The question presented today is whether a claimant can recover under the mental mental theory when she delayed seeking medical treatment for 71 days after the triggering incident. The CTA asserts that such a delay does not meet with the standards for a mental mental recovery as established under Illinois courts and therefore it asks this court to reverse the decisions of the industrial commission and the circuit court below. The CTA makes two arguments today. First, that claimant cannot recover under the very stringent standards for mental mental recovery under Illinois law. And secondly, that allowing recovery here would essentially open the floodgates to fraudulent mental mental claims. Illinois courts have rarely allowed claimants to recover under the mental mental theory. The standard for recovery under that theory is that an individual experience a sudden severe emotional shock resulting in an immediately apparent psychic injury. But you're not contesting that there was some sudden severe emotional shock when she realized that she ran over somebody and killed them, correct? Excuse me, the CTA is not, you're asking if the CTA is disputing that? The CTA is, acknowledges that on the day of the incident, after the claimant returned to the garage at the end of the day and after she learned that the person died, that she stated that she was shaken and a little depressed. That's what the evidence shows in this case. You don't think that knowing you ran somebody over and killed them would be a traumatic shock to anybody? First of all, it was not established in the record that that was a cause of death. The party stipulated that the CTA bus collided with the man, but there is no evidence indicating in the record that the bus operator here killed the man in question. You mean the medic coincidentally had a heart attack? There could have been some kind of other, it is very possible that there could have been some other intervening event. There's no evidence that there was any other event. There is no evidence either way. There's no evidence she ran him over either? The party stipulated that there was a collision between the man and the bus, and that's the extent of... Okay, so there's a collision between the man and the bus, he subsequently dies, and the claimant's going to think, well, I had nothing to do with the death, right? Regardless of what the claimant thinks, the claimant here did not show that she suffered from a sudden severe emotional shock because she waited 71 days here to receive medical treatment. If the plaintiff had in fact received, if she had experienced a sudden severe emotional shock, she would have likely, on the day of the incident, sought assistance from the paramedics at the scene. She would have gone to the hospital... Is immediate stressful reaction required under the case law? If so, which case law? Yes. Every single case that addresses a mental injury recovery talks about a sudden severe emotional impact. Every case beginning with Pathfinder and ending through the most recent case. Does Pathfinder say that? Yes. It does? Pathfinder explicitly says there must be a sudden severe emotional shock resulting in an immediately apparent psychic injury. Pathfinder doesn't use the term immediate, though, but it does have sudden severe shock. The CTA contends that that's a distinction without a difference. Certainly the General Motors case and the Chicago Board of Ed case, they both talk about the need for an immediate injury and a sudden injury. And specifically the Chicago Board of Ed case does use the phrase immediately apparent psychic injury. And Pathfinder did point out that there the individual who received the emotional shock fainted immediately upon finding the hand. Exactly. The only two cases where mental recovery has been allowed in the state of Illinois are the Pathfinder case and the Matlock case. And in both of those cases, the plaintiff sought and received immediate medical treatment, and she also received an immediate psychiatric or psychological diagnosis. For example, as Your Honor mentioned in the Pathfinder case, after retrieving her co-worker's hand from a punch press, she immediately fainted, was taken to the hospital, was diagnosed with a nervous disorder, and was given sedating drugs. Okay. Now, I think you were citing, because we had this this morning, General Motors, et cetera. Okay. You threw an immediate apparent. Okay. Now, what case does that come from? The immediate apparent comes from the Chicago Board of Ed case. Okay. In 1988. Okay. So we're all talking about immediate, et cetera. Doesn't apparent have some weight to be given to it as well? The Pathfinder court talked about the importance of having objective manifestations of psychic injuries, because it talked about how psychic injuries can be very easily fabricated or exaggerated. And objective manifestations of psychic injuries, according to Pathfinder, is if there's verification through medical or psychological records. Here, there is no independent verification that a plaintiff suffered from a sudden severe emotional shock until 71 days after the incident. The CTA contends that that's completely inconsistent with the standards for proof of a mental injury under the law of this state. What's our standard of review? The CTA contends that the appropriate standard of review here is de novo, because not only are the facts not in contention, but the only question and issue here is whether under these undisputed facts, plaintiff can recover under the Pathfinder standard. I noticed you cited the Matlock case. Wasn't there a physical injury in the Matlock case? In Matlock, the court said that the plaintiff could recover under either the mental theory or the physical theory. Yes, but there was a physical injury in the Matlock case. There was, yes. And there also was an accompanying mental injury of anxiety. And that person, that individual was diagnosed with post-traumatic stress disorder in that case. I mean, weren't some of those, aren't some of those cases distinguishable in the sense that I think the court had opined specifically what they don't want to have happen is the floodgates open to where people go to work and they have an argument with the boss or there's some incident that occurs and then people later on claim that they have a psychological trauma or delayed stress. Here, however, isn't it arguable you have a definitive time, place, and specific injury preceding the psychological conditions, correct? This isn't a general over time aggravation. Absolutely not. And there is a distinction in Illinois cases about the two where a mental injury might occur over a period of weeks or months in the normal course of employment. That is not this case. This is a specific incident where the claimant is suggesting that she suffered from a mental injury from a specific date. Nevertheless, the CTA asserts that she still has not met the standards because there is no medical documentation, nor is there any indication in the record that she did in fact suffer from a sudden severe mental injury. But does the case still require medical documentation? Under Pathfinder, it suggests very clearly that there needs to be objective manifestation of a mental injury. So a chain of events would not apply to the situation you're saying? Excuse me? A chain of events analysis could not apply to this type of an alleged injury. Is that what you're saying? No. This injury was about a single event, not a chain of events. Okay. I'm sorry. Not in the sense that the claimant was fine before, there was a traumatic event. I'm talking about it in that analogous sense. You're saying that the claimant's testimony alone could never establish compensability for this injury. Exactly. Otherwise, the courts and employers, frankly, would be in the position of taking employees' word for it that they suffered from a mental injury. Doesn't the commission do that all the time, take claimants' word for it? To my understanding, the commission relies on medical evidence indicating whether or not there is a physical or psychological. Without medical evidence, the claimant cannot recover before the industrial commission. It is my belief that there must be medical support documenting. In this case, there needs to be medical support documenting a psychological condition under the standard established in Pathfinder and his progeny. Didn't she see a clinical psychologist, Dr. Daniel Kelly, who diagnosed her with depressive and anxiety symptoms and an adjustment disorder and treated her? I mean, did Dr. Kelly somewhere in the record give a causal connection opinion to this accident? It is true that Dr. Kelly did treat the claimant here, but it occurred 71 days after the incident. Okay. So your issue is not whether she has proved that she did suffer from some psychological injury. You're saying it didn't happen immediately enough. Yes. The standard is sudden, severe emotional injury. Pathfinder says, you know, it's a sudden, well, I had it here just a second ago, that it's a sudden, severe shock traceable to a definite time, place, and cause, is all Pathfinder says. Yes. That's severe shock, not severe, you know, manifestation, immediate, does it? But the other cases subsequent to Pathfinder pick up on Pathfinder's...  Supreme Court decision in 1976, Your Honor. Who controls? Appellate court or Supreme Court? Supreme Court. And the other cases you cited were appellate court decisions. Were they not? The only Supreme Court decision here is the Pathfinder case. But no subsequent, oh, excuse me. You know, is the appellate court then free to somehow expand beyond what the Supreme Court is saying? No subsequent court, either the Supreme Court or the appellate court, has in any way modified, revised, or in any way rejected the Pathfinder standard. It says immediate shock. It doesn't say immediate symptoms. Again, there's a difference. No, it says sudden, severe, immediate shock. Yes. I think it says sudden, severe, emotional shock. Excuse me. Sudden, severe, emotional shock. You're right. So really, if one are under that standard trying to prove, you have to prove an emotional shock, right? Yes, Your Honor. And the CTA contends that without independent medical verification, that standard cannot be met here. I don't understand what you mean by independent medical verification. She went to a clinical psychologist. He rendered an opinion that she has a condition, and it's as a result of what happened in this incident. If the claimant here on the day of the incident had gone to see Dr. Kelly, I wouldn't be standing in front of you. So no matter what, okay, let's say the lady in Pathfinder, she sees the severed hand, she faints, but she doesn't go to the doctor that day? Under your theory, she wouldn't recover? In the Pathfinder case, the plaintiff went to the hospital, received a diagnosis. But what if she didn't go that day? What if she went a week later? It would be within this Court's discretion to determine whether or not there was a sudden, severe, emotional impact based on the timing of any particular case. But in the only two cases where an individual has been allowed to recover under mental illness theory. Well, how did the claimant describe how she felt on the scene? What did she say? Well, she didn't comment on the scene at all. Did she say she was shaken? At the scene, she did not comment whatsoever. Didn't she say she was shaken and a little depressed? No, that happened in the evening when she was returned to her terminal. So your argument, I take it, would be that shaken and a little depressed doesn't sound like a sudden, severe, emotional shock. Yes, not only is that true, but also nowhere in the claimant's briefs below does she even argue that she had a reaction that was severe. The CT argues that not only did the claimant not meet the Pathfinder standard, but her failure to receive medical treatment for 71 days is fatal to her claim. The CT asks that it reserve the remaining time for rebuttal. And it's fatal because of the other subsequent cases? Because of Pathfinder and the other subsequent cases that have adopted it. Perhaps primarily the other subsequent cases. Well, the Pathfinder standard has never been rejected. They've been modified a little bit along the way, but they've never been rejected. Modified or expanded? Modified or expanded, slightly, yes. In General Motors and the Chicago Board of Ed. Well, General Motors was a 1988 case, wasn't it? Yes, it was. Has the legislature changed anything since then? Has any other case said that the General Motors standard was wrong? General Motors was cited in more recent cases such as Runyon, which was a 1993 case. So those standards are still in existence in subsequent case law. Thank you, Your Honor. Thank you, counsel. Counsel may respond. Good afternoon. May it please the Court. My name is Patrick Durkin, and I have the privilege to represent Sylvia Tintz. This case is different from virtually all the other cases you'll hear this term. Because the employer offered no evidence at arbitration. None. No evidence whatsoever. No supervisor testimony. No medical report. No psychology report on behalf of the employer. No bus video. Not one scintilla of evidence for the employer. The testimony of Sylvia Tintz is unrebutted. All right. To which your opposing counsel is going to say, well, so what? She doesn't meet as a matter of law the standards because there was no manifestation for 71 days, and there's no immediate evidence of any trauma. We disagree. We say she did have a sudden severe emotional shock. We say that for two reasons. Her words and the actions of the supervisor. What are her words? I was shaken and a little depressed. It's true she didn't say I was severely shaken. She said I was shaken. So your position then would be you disagree as a matter of law with opposing counsel and say the case doesn't require an immediate or sudden manifestation of the symptoms. The suddenness refers to the event itself. The suddenness refers to the event. That's addressed actually in the Pathfinder case. It's on 567. It does not require that there be findings of objective symptoms or conditions of disability. That's later on in the Pathfinder. I think with psychological injuries it's a problem because the deal with post-traumatic stress is you have to have time to have recurrent dreams. You have to have time for these images to recur. And that's typically the case when you see psychological reports that say anxiety disorder because it takes under the DSM-IV a certain amount of time to have post-traumatic stress disorder. It doesn't get diagnosed for six months. Is it frivolous to appeal with no evidence? Is it frivolous to appeal after you've stipulated to contact between the CTA bus and the passenger minter and then stipulated that minter was dead on arrival at Stroger? And the relative scale of things isn't death as bad as it gets. When you say it's frivolous, are you asking for sanctions? No, I am not asking for sanctions. This was a 19-B, and we were looking for a quick resolution, and now we're here. Well, what would frivolous, the perception or argument about frivolous, have to do with any issue before this Court? None. I withdraw it. Sudden, severe. These words, I think, are in the words of my first contract teacher, weasel words. Counsel, those are the words of the Supreme Court. Well, let me explain. They're words that are relative. They're always followed by enough, sudden enough, or severe enough. And this, I think, is leading to the issue that this is not a question of law. This is a question of fact for the finder. So you disagree, then, that our review is de novo? I disagree. I disagree. I think you have a manifest weight here. And I think you have a manifest weight where your duty as pathfinder. Are you deciding on a manifest weight or de novo? Pathfinder was manifest weight. How so? Well, what was happening with pathfinder was that was one where, pardon me for a sec. Well, while you're getting your drink of water, wasn't pathfinder setting a standard as a matter of law? Pathfinder was the petitioner one below at the commission level. The circuit court took it away based on this notion that there had to be some sort of physical contact. So the issue that was before the court really for the first time was whether or not you had to have physical injury or whether you could have a psychological injury standing alone. And the Supreme Court looked at a lot of case law from multiple jurisdictions, and they weighed it and they decided that you did not need to have a physical injury, that a psychological injury standing alone was sufficient. Who made the decision that the discovery of the severed hand was sudden and severe and shocking? Well, I think that was in the Supreme Court decision. The Supreme Court decided that as a matter of law, didn't it? Yes. Yes, they set that out. So why are you asking us to apply manifest weight in the standard of review? I think that the commission applied pathfinder to the facts of the case. And the question here is, was the decision of the commission against the manifest weight? And we submit that it was not because there's evidence in the record that supports their decision, namely the testimony of the petitioner and the actions of the supervisor. In response to Justice Hudson's question from a few minutes ago, I think you said that when the expression sudden severe emotional shock is used, that sudden does not modify shock. I think you responded to his question that sudden modifies sudden severe. Sudden severe. And I think sudden that evening, that night. My question is, sudden severe emotional shock, what does sudden modify? Shock. Go ahead. I'm sorry. And so, okay, so if you're claiming that you're saying I've experienced sudden shock, how do you establish that evidentiarily? Yes. How do you establish it evidentiarily? The words of the petitioner, how did she feel? I felt shaken. Also, the actions of the supervisor. The supervisor, Rutherford, saw that I was upset and he handed me a card for a comp psych. That is unrebutted. The subsequent medical treatment corroborates this. We respectfully disagree with CTA on almost everything. I sort of gathered that. Okay. This case comes to you on appeal from a 19B. The disparity of the parties is never worse than as a 19B. This is a situation, in my view, where it's an example of delay, deny, don't pay, and that wreaks havoc in the lives of living, breathing human beings that have psychological injuries. Thank you. We respectfully request that you affirm the decision below and remand it to the commission for further proceedings. Thank you, counsel. Counsel, you may reply. Let me just ask you a question here to just put a little finer point on something, I think, anyway. You're not arguing that we should find as a matter of law that hitting somebody with a bus and killing them isn't a sufficient sudden severe, isn't the kind of thing that couldn't cause a sudden severe emotional shock. No. You're just saying the evidence here doesn't prove that she actually did suffer such a shock. Exactly. Although she was in that kind of an incident. Yes, Your Honor, because of the lack of medical documentation. The CT would simply like to – Well, opposing counsel is saying no. The only evidence in this record is the statements made by the claimant and the actions taken by her supervisor or co-worker at the barrage. The CT asserts that if that is the standard, there is essentially no standard, because every claimant could say she suffered from a sudden severe emotional shock, and without independent medical verification, that's completely unverifiable and unreliable. And the only two cases where this Court has allowed recovery in mental-to-mental cases were under very extreme conditions, the Pathfinder and the Matlock case, where the plaintiff not only sought immediate medical treatment – You're back to this idea that it can only be determined medically, correct? Yes. So there needs to be independent medical verification. Well, it can't be a co-worker's observations, manifestations, or anything like that. Well, the CT would argue that those are an insufficient basis to determine that there is a sudden severe emotional shock. Yes. She went to see a psychologist later. The psychologist took a history from her, talked to her, whatever, and then rendered an opinion retrospectively that she had suffered this shock from this bus accident. And as a result, she has certain psychological conditions. Isn't that independent medical verification? And question two, why is that any different than any other medical testimony we see in all kinds of cases? Somebody twists their knee, and a doctor two years later says, in my opinion, that was caused by that accident on such and such date, when he twisted his knee. It is independent medical verification, but it comes 71 days too late. That's a CTA's position. She has to see a doctor on that day who can verify that she is currently in a severe shock. She has to receive medical treatment of some nature. And the only two cases we have before us that have established the mental mental recovery are Pathfinder and Matlock, where in both cases, the plaintiff received medical treatment and a psychological diagnosis on that day. But the court didn't say it has to be immediate in so many words. Did they specifically say that? The court said sudden severe emotional shock. But, Matt, it didn't – it could have said sudden severe emotional shock and an immediate or sudden symptomatology, but the case doesn't say that. The General Motors case did say that. It says immediate symptomatology. Immediately apparent psychic injury. Yes, Your Honor. Okay. That is in the General Motors case, which was issued in 1988. And that's the appellate court opining, not the Supreme Court. That is a court of appeals decision. Yes, Your Honor. So if we have inconsistent decisions between the Supreme Court and the appellate court, who would you suggest we would follow? The CTE would assert that that is not an inconsistent position at all with the Supreme Court's decision. Probably a good answer. Thank you, Your Honor. For the reasons articulated in her brief and in oral argument today, the CTE asks that you reverse the decision of the Industrial Commission as well as the Circuit Court. Thank you for your time. Thank you, counsel. The matter will be taken under advisement. Written disposition will issue. The court will stand brief recess. Thank you very much.